# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael H. Rosfeld, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> The University of Pittsburgh – of ) <br> the Commonwealth System of ) <br> Higher Education, James K. Loftus, and ) <br> Kathy Humphrey, ) <br> ) <br> Defendants. ) | Case No. 2:20-cv-00225-JNR <br><br> Judge J. Nicholas Ranjan |

## MOTION FOR REMAND

Plaintiff Michael Rosfeld hereby moves this Honorable Court, pursuant to 28 U.S.C. §1367(c), to remand this action to the Court of Common Pleas of Allegheny County, Pennsylvania, for a determination as to whether the claims already presented in that forum merit relief under state court statutes and case law.

## I. INTRODUCTION

Plaintiff filed a complaint in civil action in the Court of Common Pleas of Allegheny County on January 16, 2020 against Defendants herein alleging deprivation of due process by Defendants in relation to his termination as a police officer with the University of Pittsburgh Police Department on January 18, 2018.

1

In his initial complaint, Plaintiff asserted four claims:

(a)  Section 1 of the 14th Amendment to the Constitution of the United States which provides that no person shall be deprived of life, liberty, or property without due process of law;

(b)  Article I, Section I of the Constitution of the Commonwealth of Pennsylvania, which provides that men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness;

(c)  42 U.S.C. §1983, which provides that no entity or person, under the color of law, shall deprive a person within its jurisdiction of any right or privilege guaranteed and secured by the Constitution of the United States; and further, that any person or entity depriving a person of any right or privilege guaranteed and secured by the Constitution of the United States shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress; and

(d)  Plaintiff was denied a due process hearing at the time of his termination pursuant to *Cleveland Board of Education v. Loudermill* 470 U.S. 532 (1985), which held that a public employee has a property right in his employment, and therefore prior to a termination of employment, must be provided notice of the charges against the employee, an explanation of the employer's evidence, and an opportunity to respond to the charges alleged.

Plaintiff had been employed as a police officer with the Defendant University of Pittsburgh, having commenced employment on October 15, 2012.

On the evening of December 9, 2017, Plaintiff was acting in his capacity as a University of Pittsburgh Police Officer when he responded to an incident at the Garage Door Saloon, which is located at 219 Atwood Street, Pittsburgh, Allegheny County, Pennsylvania 15213, and which is within the jurisdictional limits of the University of Pittsburgh Police Department.

As a result of the incident and his investigation therein, Plaintiff effected the arrest of three persons on charges of simple assault, disorderly conduct, defiant trespass and public intoxication. One of the three persons charged was Daniel Humphrey, son of Defendant Kathy Humphrey, who is the vice chancellor and secretary to the board of trustees of Defendant University of Pittsburgh.

On the morning of December 11, 2017, supervisors with the University of Pittsburgh Police appeared at the home of Plaintiff and informed Plaintiff that an investigation concerning him had been initiated. Plaintiff was not advised as to the nature of the investigation, only that one had been commenced. Plaintiff was then informed he was suspended and his law enforcement credentials were confiscated from him.

On January 18, 2018, Plaintiff was summoned to the University of Pittsburgh Police Department. Immediately upon his arrival, and without discussion or explanation, Plaintiff was handed a document in memorandum form from Defendant Loftus, dated January 18, 2018, that stated:

> "Your employment with the University of Pittsburgh Police is terminated effective today, Thursday, January 18, 2018. This is in reference to Internal Investigation #17-04683."

Plaintiff was not informed of the alleged charges against him that led to his termination, the opportunity to rebut the charges or offer evidence mitigating the alleged charges, nor the conduct of a due process proceeding guaranteed to him pursuant to *Loudermill.*

On February 10, 2020, Plaintiff filed an amended complaint withdrawing the claims under the United States Constitution, 42 U.S.C. §1983, and *Loudermill*, proceeding only on the state claim.

3

On February 13, 2020, Defendants filed a Notice of Removal to the United States District Court for the Western District of Pennsylvania. It is noted that in the civil cover sheet that accompanies their filing, Defendants cite 42 U.S.C. §1983 as their cause of action (**VI. CAUSE OF ACTION**) in contravention to the sole state-related cause of action that is set forth in Plaintiff's amended complaint.

## II. ARGUMENT IN FAVOR OF REMAND

It is well settled that a defendant may remove a case to federal court only if that court would have had original jurisdiction. ***Ali v. DLG Dev. Corp.***, CV 17-1537 (E.D. Pa., Oct. 23, 2017). In the instant matter, the amended complaint is the controlling action that neither raises nor states a federal claim. Therefore, subject matter jurisdiction is to be determined on the face of the complaint and the status of the record in the state court at the time the removal is presented to the federal court. ***Westmoreland Hosp. Ass'n v. Blue Cross,*** 605 F.2d 119 (3d Cir. 1979).

Given that Plaintiff's state law claim arises only under the Constitution of the Commonwealth of Pennsylvania, there is no federal jurisdiction. ***Merrell-Dow Pharm, Inc. V. Thompson,*** 478 U.S. 804 (1986).

Further, the standard in determining proper jurisdiction requires that the federal question be an essential element of the plaintiff's claim, not a hypothetical part of the defense to be raised by Defendants. ***Grable & Sons Metal Products, Inc. V. Darue Engineering & Manufacturing,*** 545 U.S. 308 (2005). In the instant matter, Plaintiff's claim arises under the Constitution of the Commonwealth of Pennsylvania, however Defendants raise 42 U.S.C. §1983 as a purported defense to Plaintiff's claim.

4

Guidance for remand in the 3rd Circuit can be found at **Hartman v. Cadmus-Ceneveo Co.,** No. 13-7494 (E.D. Pa., Sept. 19, 2014). Hartman commenced an action in the Court of Common Pleas of Lehigh County, Pennsylvania on December 2, 2013, raising employment claims under the Americans With Disabilities Act (ADA), at 42 U.S.C. §§12101-12213; the Family and Medical Leave Act (FMLA), at 29 U.S.C. §§ 2601-2654, and for retaliation under the Pennsylvania Human Relations Act (PHRA), at 42 Pa. C.S. §§951-963. Defendant timely removed to federal court on December 20, 2013. Thereafter, Plaintiff filed an amended complaint on January 13, 2014, removing all federal claims and proceeding on the claims raised only under the PHRA. On January 27, 2014, Plaintiff filed a motion for remand to the state court.

Regardless that the federal claims had survived the removal and had been only withdrawn subsequent to removal, the **Hartman** court still remanded to state court, citing its discretion to remand a removed case if the federal law claims are no longer in the case and where only the supplemental state claims remain.

The court looked to **Carnegie-Mellon Univ. V. Cohill**, 484 U.S. 343 (1988), which held that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate, at 350:

> "...a federal court should consider and weight in each cases the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction, citing **United Mine Workers v. Gibbs,** 383 U.S. 715 (1966).

5

## III. PLAINTIFF'S CLAIM FOR COUNSEL FEES

Plaintiff herein is entitled to an award counsel fees pursuant to 28 U.S.C. §1447(c), which provides that an order remanding a case may require payment of just costs and actual expenses, including attorney fees, as a result of the removal.

The court may award fees when the removing party lacked an objectively reasonable basis for seeking removal. ***Martin v. Franklin Capital Corp.,*** 546 U.S. 132 (2005).

The Third Circuit has affirmed an award of attorney's fees where the assertion in the removal petition that the district court had jurisdiction was, if not frivolous, at best insubstantial. ***Mints v. Educ. Testing Serv.*** 99 F.3d 1253 (3d Cir. 1996).

Defendants assert in their removal petition that the claims raised by Plaintiff only "purport" to assert claims under the United States Constitution, when in fact, no claims under the United States Constitution or applicable federal law exist on the face of the amended complaint filed by Plaintiff. Nor does a claim exist under 42 U.S.C. §1983, as advanced by Defendants. The Defendants are clearly attempting to manufacture federal claims where federal claims do not exist. Not only are those claims frivolous, the are wholly insubstantial. Therefore, an award of counsel fees is warranted.

## IV. CONCLUSION

The facts in ***Hartman*** and the instant matter are clearly distinguishable, in that the federal claims in the instant matter were withdrawn prior to the removal while the federal claims in ***Hartman*** survived, only to be removed by a subsequent amended complaint. Regardless, and in contravention to ***Westmoreland*** (*supra*), the court still found it proper and well within its discretion to remand to state court.

6

Plaintiff submits that the question of remand should not even rise to the level of discretion. It is clear that remand is warranted, in that no federal claims exist on the face of Plaintiff's timely-filed amended complaint and jurisdiction of the federal court is inappropriate.

Plaintiff requests this Honorable Court to enter an order:

A. Declining jurisdiction of the state-related claim in the within matter;

B. Remanding the matter to the Court of Common Pleas of Allegheny County, Pennsylvania; and

C. Entering an award of appropriate attorney's fees in favor of Plaintiff pursuant to 28 U.S.C. §1447(c).

Respectfully submitted,

*/s/ Timothy G. Uhrich*
**TIMOTHY G. UHRICH, ESQUIRE**
Pa. I.D. No. 54872

1400 The Allegheny Building
429 Forbes Avenue
Pittsburgh, Pennsylvania 15219
(412) 434-6620
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Motion for Remand was electronically filed and served through the Court's CM/ECF system this ___ day of March, 2020:

        Jeremy D. Engle, Esquire
        Marcus & Shapira LLP
        35th Floor, One Oxford Centre
        301 Grant Street
        Pittsburgh, Pennsylvania 15219

        Jonathan D. Marcus, Esquire
        Marcus & Shapira LLP
        35th Floor, One Oxford Centre
        301 Grant Street
        Pittsburgh, Pennsylvania 15219

        Respectfully submitted,

        ____/s/ *Timothy G. Uhrich*____
        **TIMOTHY G. UHRICH, ESQUIRE**
        PA. I.D. No. 54872

        1400 The Allegheny Building
        429 Forbes Avenue
        Pittsburgh, Pennsylvania 15219
        (412) 434-6620