IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL H. ROSFELD, | ) |
| Plaintiff, | ) 2:20-cv-225-NR |
| vs. | ) |
| THE UNIVERSITY OF PITTSBURGH – OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**J. Nicholas Ranjan, United States District Judge**

Plaintiff Michael Rosfeld is a former University of Pittsburgh police officer who claims that he was forced out of his job in retaliation for arresting the Vice Chancellor's son. If those allegations are proven true, the nepotistic firing he describes would be unseemly, even unjust. But would it violate the Constitution? That's the question posed by this case.

Mr. Rosfeld says that it would. He argues that, by virtue of being an employee of a public university, he had a constitutionally protected property interest in his continued employment that could not be taken away without due process, such as a hearing. But that's not quite right. In fact, the general rule in Pennsylvania is the opposite—public employees are typically "at-will" employees, with no protectable interest in continued employment. Only when the General Assembly acts, by extending tenure to certain classes of public employees such as teachers and borough police, is such an interest conveyed.

As currently pled, then, Mr. Rosfeld's complaint identifies no basis for the Court to infer that his job was among those tenured and thus exempt from

the "at-will" default. Absent such facts, he cannot show that he was entitled to any due process before his termination. Separately, Mr. Rosfeld must also plead more facts to plausibly allege that his resignation from the university was coerced. For these reasons, discussed in full below, the Court will grant Defendants' motion to dismiss, but allow Mr. Rosfeld one more chance to amend his complaint in order to correct the deficiencies.

## BACKGROUND

The following "facts" are drawn from the allegations in Mr. Rosfeld's operative complaint, which the Court must accept as true for purposes of this motion under Federal Rule of Civil Procedure 12(b)(6). [ECF 23].

Mr. Rosfeld was employed as a University of Pittsburgh police officer from October 15, 2012 until January 18, 2018. [*Id.* at ¶ 9]. On the evening of December 9, 2017, Mr. Rosfeld was dispatched to an incident at the Garage Door Saloon on Atwood Street. [*Id.* at ¶ 10]. He arrived on scene at 11:02 p.m. to assist two other university police officers, Josh McGinnis and Adam Dimit. [*Id.* at ¶ 11]. Upon his arrival, Mr. Rosfeld encountered Timothy Riley, Jacob Schilling, and Daniel Humphrey—all of whom were then detained by Officer McGinnis. [*Id.* at ¶ 12]. Daniel Humphrey is the son of Kathy Humphrey, the Senior Vice Chancellor for Engagement and Secretary of the Board of Trustees for the University of Pittsburgh. [*Id.* at ¶¶ 4, 13].[1]

After he arrived on scene, Mr. Rosfeld learned that Messrs. Riley, Schilling, and Humphrey had been ejected from the Garage Door Saloon for their "unruly behavior." [*Id.* at ¶ 14]. Mr. Rosfeld entered the Garage Door at approximately 11:10 p.m. to investigate the incident and review security footage of what had occurred. [*Id.* at ¶ 15]. His review showed: (1) Mr. Riley

---

[1] Kathy Humphrey was originally named as a Defendant, but the parties agreed to dismiss her from the case on April 13, 2020. [ECF 26; ECF 27].

and an unidentified male being "removed from the premises," and the unidentified male "kick[ing] the entry door to the bar, causing it to shatter," [*Id.* at ¶ 16(a)]; (2) Messrs. Schilling and Humphrey being "ejected from the premises" and Mr. Schilling "str[iking] a Garage Door employee with his fists," [*Id.* at ¶ 16(b)-(c)]; (3) Messrs. Riley and Humphrey "rais[ing] [their] fists and str[iking] a Garage Door employee," [*Id.* at ¶ 16(d)]; and (4) Messrs. Schilling, Riley, and Humphrey "attempt[ing] to regain entry to the Garage Door." [*Id.* at ¶ 16(e)].

Following his review of the surveillance video, Mr. Rosfeld exited the bar. [*Id.* at ¶ 17]. Based on the video footage and his "personal encounter" with each suspect, Mr. Rosfeld arrested Messrs. Riley, Schilling, and Humphrey. [*Id.* at ¶ 18]. The charges included simple assault, disorderly conduct, defiant trespass, and public intoxication. [*Id.* at ¶ 18]. Mr. Rosfeld transported the three arrestees to the Allegheny County Jail and concluded his shift at approximately 7:00 a.m. on December 10, 2017. [*Id.* at ¶ 19].

The following day, the Deputy Chief of the University of Pittsburgh Police (Holly Lamb) and Officer David Basile appeared at Mr. Rosfeld's home and "informed [him] that an investigation concerning him had been initiated." [*Id.* at ¶ 20]. Mr. Rosfeld was not told "the nature of the investigation, only that one had been commenced." [*Id.*]. Deputy Chief Lamb confiscated Mr. Rosfeld's police identification card, informed him that he was on administrative leave, and instructed him to await further contact from his superiors. [*Id.* at ¶ 21]. Six weeks later, University of Pittsburgh Police Commander Robert Holler contacted Mr. Rosfeld, and directed him to appear at headquarters on January 18, 2018. [*Id.* at ¶ 22].

Upon arrival at headquarters, Mr. Rosfeld was met by the Chief of the University of Pittsburgh Police (Defendant James Loftus), Deputy Chief Lamb,

3

Commander Holler, and Officers "Debrosky and Petersen." [*Id.* at ¶ 23]. Immediately upon his arrival, Mr. Rosfeld was, "without discussion or explanation," provided a memorandum which stated:

> Your employment with the University of Pittsburgh Police is terminated effective today, Thursday, January 18, 2018. This is in reference to Internal Investigation #17-04683.

[*Id.* at ¶ 24].

Mr. Rosfeld believes that "the investigation involved the Garage Door Saloon arrest" because "the incident report generated by [Mr. Rosfeld] was identified as 'Complaint / Incident Number 17-04683.'" [*Id.* at ¶ 25]. Mr. Rosfeld was not informed, either orally or in writing, of the nature of the charges behind his termination. [*Id.* at ¶ 26]. Nor was he ever afforded a hearing to "contest the termination" or "present evidence." [*Id.* at ¶ 28].

Mr. Rosfeld alleges that Defendants' failure to provide him with "notice of the charges" against him, an "explanation of [Defendants'] evidence," or an "opportunity to respond to the charges alleged" violated his procedural due process rights under the Fourteenth Amendment and the analog provision of the Pennsylvania state constitution. [*Id.* at ¶ 32]. More specifically, Mr. Rosfeld contends that Defendants unconstitutionally deprived him of an alleged "property right in his employment" as a police officer without affording him due process in the form of a *Loudermill* hearing. [*Id.* at ¶ 41]. And he alleges that this deprivation occurred because Vice Chancellor Humphrey "intervened . . . to facilitate [Mr. Rosfeld's termination] in retaliation for the actions of [Mr. Rosfeld] in effecting the arrest of her son[.]" [*Id.* at ¶ 37].

Mr. Rosfeld filed this lawsuit in state court on January 16, 2020 and amended his complaint on February 10, 2020. [ECF 1-3; ECF 1-2]. Defendants removed the case to this Court on February 13, 2020 based on federal question

jurisdiction. [ECF 1]. Mr. Rosfeld initially moved to remand the case, [ECF 8], but later withdrew that motion, [ECF 22], and instead filed a second amended complaint to assert his federal constitutional claim more explicitly. [ECF 23]. In lieu of an answer, Defendants filed a motion to dismiss for failure to state a claim. [ECF 28]. That motion is now fully briefed and ripe for disposition. [ECF 29; ECF 34; ECF 35].

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the complaint." *Popa v. Harriet Carter Gifts, Inc.*, 426 F. Supp. 3d 108, 113 (W.D. Pa. 2019) (Stickman, J.) (citation omitted). Such a motion "may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

To escape dismissal, the plaintiff must allege "sufficient factual matter to show that the claim is facially plausible" and permit a "reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (cleaned up). Allegations that are "conclusory or bare-bones," such as "threadbare recitals of the elements of a cause of action," will not suffice. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "detailed pleading is not generally required." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Rather, the complaint need only contain a "short and plain statement" showing "more than a sheer possibility that a defendant acted unlawfully." *Id.*

The burden of establishing that no plausible claim has been presented lies with the defendant. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d

1406, 1409 (3d Cir. 1991). When evaluating a defendant's motion to dismiss, the Court can only consider the allegations of the plaintiff's complaint, the exhibits attached to it, and any documents that are integral to or explicitly relied on by the complaint. *Popa*, 426 F. Supp. 3d at 113 (citations omitted).

## DISCUSSION & ANALYSIS

Defendants argue that Mr. Rosfeld fails to state a Fourteenth Amendment due process claim and related Pennsylvania constitutional claim against either the University of Pittsburgh or its police chief, James Loftus, for two reasons. First, Defendants argue that Mr. Rosfeld has not alleged a basis for asserting a property interest in his employment. Second, they argue that the entirety of the termination memo excerpted in his complaint shows that he resigned from his position, and thus was not deprived of his alleged property interest by Defendants. The Court agrees on both points.

**I. Mr. Rosfeld has not alleged that he had a constitutionally protected property interest in his employment by the university.**

Mr. Rosfeld has not pled any facts to show that he had a constitutionally protected property interest in continued employment as a university police officer. In his complaint, Mr. Rosfeld relies solely on his allegation that "a public employee has a property right in his employment" as the basis for his due process claim and demand for a *Loudermill* hearing. [ECF 23 at ¶ 32]. For a Pennsylvania state employee, at least, that is not enough.

The Fourteenth Amendment prohibits state actors from depriving individuals of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.[2] Analyzing a Fourteenth Amendment procedural due

---

[2] The University of Pittsburgh is a state actor. *See Alvin*, 227 F.3d at 116 ("UPitt is a state actor."); *see also Braden v. Univ. of Pittsburgh*, 552 F.2d 948, 956 (3d Cir. 1977) (*en banc*).

process claim entails "a familiar two-stage analysis." *Robb v. City of Phila.*, 733 F.2d 286, 292 (3d Cir. 1984). The first step is to determine whether the claimant's asserted interest is "encompassed within" the protection of "life, liberty, or property." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). If it is, the Court proceeds to the second step, which is to consider whether the procedures available provided "due process of law" before depriving the claimant of that interest. *Id.*[3]

Mr. Rosfeld claims that he possessed a property interest in his job that is deserving of due process protection under *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985). But to have a property interest in a job, "a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005) (citation omitted). Thus, "an at-will employee does not have a legitimate entitlement to continued employment because she serves solely at the pleasure of her employer." *Id.* (citation omitted).

Of course, a public employee who does not have a property interest in his or her employment is not entitled to a *Loudermill* hearing, or any other pretermination process. *See Heino v. Oakland Cty.*, 815 F.2d 703, 703 (6th Cir. 1987) ("Because plaintiff had no property interest protected by the fourteenth amendment, he had no constitutional right to any particular process. *Loudermill* is therefore inapplicable, and plaintiff was not constitutionally entitled to a pretermination hearing."); *c.f. Gordon v. Lowell*, 95 F. Supp. 2d

---

[3] The analysis is the same for Mr. Rosfeld's claim under Article I, Section 1 of the Pennsylvania Constitution. *See Pennsylvania Game Comm'n v. Marich*, 666 A.2d 253, 255 n.6 (Pa. 1995) ("[T]he requirements of Article I, Section I of the Pennsylvania Constitution are not distinguishable from those of the 14th Amendment[.]") (citation omitted).

264, 269 (E.D. Pa. 2000) ("Grandparents have no similar liberty interest under the Fourteenth Amendment, and are therefore accorded no constitutional protection [in the form of a predeprivation hearing].") (citation omitted).

"As an initial matter, state law determines whether such a property interest exists." *Elmore*, 399 F.3d at 282 (citation omitted). Mr. Rosfeld's claimed interest is based on his status as an employee of a Pennsylvania public university and, as of now, nothing more. But in Pennsylvania, the default rule is that a "public employee takes his job subject to the possibility of summary removal by the employing authority" and is "essentially an employee-at-will." *Scott v. Phila. Parking Auth.*, 166 A.2d 278, 280 (Pa. 1960). In other words, "a public employee in Pennsylvania generally serves at the pleasure of her employer and thus has no legitimate entitlement to continued employment." *Elmore*, 399 F.3d at 282; *see, e.g., Hayes v. Pa. State Police*, No. 3:13-CV-657, 2013 WL 7021187, at *6 (M.D. Pa. Aug. 22, 2013) ("Such a claim fails at the outset since, under Pennsylvania law, police officers and probationary state police troopers have not [sic] protected property right in their continued employment."), *report and recommendation adopted sub nom. Hayes v. Borough of Shenandoah*, No. 3:13-CV-00657, 2014 WL 203690 (M.D. Pa. Jan. 17, 2014).

That rule holds "[a]bsent explicit enabling legislation from the Pennsylvania General Assembly" conveying tenure to a particular class of state employees. *Elmore*, 399 F.3d at 283. Indeed, "[a] local government in Pennsylvania **cannot** provide its employees with tenure status unless there exists express legislative authority for doing so." *Id.* at 282 (citation omitted and emphasis added). Thus, as the Pennsylvania Supreme Court has made clear, tenure in public employment is exclusively a "matter of legislative

8

grace." *Id.* at 283 (quoting *Stumpp v. Stroudsburg Mun. Auth.*, 658 A.2d 333, 334 (Pa. 1995)).

Given this, it is far from enough for Mr. Rosfeld to allege that he had a property interest by virtue of his mere status as a public employee. To avoid dismissal, he must identify a statute or legislatively authorized contract that granted him tenure or otherwise limited the university's power to terminate his employment. He hasn't done so. *See, e.g.,* 24 P.S. § 11-1122(a) ("The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employee shall be . . . ."); 8 Pa. C.S. § 1190(a) ("No person employed in any police or fire force of any borough may be suspended without pay, removed or reduced in rank except for the following reasons . . . ."); *Judge v. Shikellamy Sch. Dist.*, No. 4:15-CV-00551, 2017 WL 1550042, at \*8 (M.D. Pa. May 1, 2017) ("Judge's property interest is memorialized in two provisions of Pennsylvania's Public School Code of 1949[.]"), *aff'd*, 905 F.3d 122 (3d Cir. 2018).

At most, Mr. Rosfeld makes passing reference to his employment being "contractual" in his response brief, [ECF 34 at p. 2], but no such contract is attached to or even referenced in the complaint. "[A] complaint may not be amended by the briefs in opposition to a motion to dismiss." *See Clean Air Council v. United States*, 362 F. Supp. 3d 237, 245 (E.D. Pa. 2019) (citation omitted). Even if his reference to "contractual" employment could be considered (and it cannot be), the Court would need more information about what tenure, if any, the contract provided, as well as the legislative authorization for that tenure, to infer that it was enough to create a property interest in his position.

For this reason, the Court finds that Mr. Rosfeld fails to state a due process claim, and his complaint should be dismissed, without prejudice as discussed below.

## II. Mr. Rosfeld has not plausibly alleged that his resignation was involuntary or coerced.

Defendants argue that consideration of the whole termination memo excerpted in Mr. Rosfeld's complaint shows that he resigned his position and thus was not fired by Defendants. They say, and the Court agrees, that the memo can be considered on a motion to dismiss because the Court is permitted to review "undisputedly authentic documents" provided by a defendant "if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted). Here, the memo is explicitly quoted from and relied upon by Mr. Rosfeld's complaint to establish that he was deprived of his alleged property interest, [ECF 23 at ¶ 24], so the Court can properly review it. And as Defendants argue, the memo shows that Mr. Rosfeld resigned his position. *See* [ECF 29-1] ("I, Michael Rosfeld, resign effective immediately."); *see also id.* ("BY REQUEST OF HIS UNION REPRESENTATIVE, MICHAEL ROSFELD WAS ALLOWED TO RESIGN, WITHOUT THE RIGHT TO APPEAL AT 1145 A.M., 1/18/18."). Mr. Rosfeld does not dispute the memo's authenticity. *See* [ECF 34 at p. 4].

If Mr. Rosfeld voluntarily resigned from his position, he cannot assert a due process claim. *See Leheny v. City of Pittsburgh*, 183 F.3d 220, 227 (3d Cir. 1999) ("If an employee retires of his own free will, even though prompted to do so by some action of his employer, he is deemed to have relinquished his property interest in his continued employment for the government, and cannot contend that he was deprived of his due process rights.") (citations omitted); *Woodend v. Lenape Reg'l High Sch. Dist.*, 535 F. App'x 164, 167 (3d Cir. 2013)

10

("Upon resignation, an employee relinquishes his or her property interest in continued employment and cannot claim a deprivation of due process rights.") (citation omitted). Moreover, "[e]mployee resignations and retirements are presumed to be voluntary." *Leheny*, 183 F.3d at 227 (citation omitted). Thus, Mr. Rosfeld must plead facts showing that his resignation was either forced by "coercion or duress" or obtained through deception. *Id.* at 228.

In his brief, Mr. Rosfeld argues that his resignation was coerced because "[t]ermination was the only option that was presented by Defendant[s]," and because he was not provided a reasonable opportunity to consider his options, select the date of his resignation, or consult with counsel. [ECF 34 at pp. 4-6]. Defendants respond by pointing out that "resignations can be voluntary even where the only alternative to resignation is facing possible termination for cause or criminal charges," because an employee can still choose to "stand pat and fight." [ECF 35 at p. 2] (quoting *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995)).

It is not necessary for the Court to decide right now if Mr. Rosfeld's resignation was involuntary, or at least plausibly might have been, because he has not pled any of the relevant facts in his complaint. Indeed, in its current state, nothing within the four corners of the complaint casts any doubt on the presumption that his resignation was voluntary. *See Leheny*, 183 F.3d at 227. The complaint never once mentions that Mr. Rosfeld resigned, let alone pleads any facts showing that his resignation was coerced. For this reason, too, Mr. Rosfeld fails to state a due process claim.

### III. The Court will grant Mr. Rosfeld leave to amend his complaint one more time.

Finally, the Court will grant Mr. Rosfeld leave to amend his complaint to address the deficiencies discussed above. The decision to permit amendment

11

of pleadings "generally falls within the [d]istrict [c]ourt's discretion." *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017). However, "district courts must offer amendment in civil rights cases—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Id.* at 151 (cleaned up).

Here, the Court cannot say that amendment would be futile. While Mr. Rosfeld has already twice amended his complaint, he has not done so with the benefit of the Court's perspective on these issues. And while the meet-and-confer process ordered by the Court should have resulted in him curing these deficiencies—or at least attempting to, by pleading the facts alluded to in his briefing—it remains plausible that Mr. Rosfeld will be able to plead additional facts showing: (1) that he had a contractual or other legislatively authorized basis for claiming a property interest in his employment; and (2) that his resignation was coerced. However, this will be his last opportunity to do so. No further amendment will be permitted.

## CONCLUSION

For all these reasons, Defendants' motion to dismiss is granted. Mr. Rosfeld's complaint is dismissed without prejudice. If he wishes to file an amended complaint to address the issues discussed above, he must do so by May 20, 2020. The parties are directed to confer prior to filing any amended complaint in an effort to eliminate or narrow whatever issues may remain.

An appropriate order follows.

DATED: May 12, 2020                              BY THE COURT:

                                                 /s/ *J. Nicholas Ranjan*
                                                 United States District Judge